**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **VICTOR MALLH, et. al.** ) | |
| 3017 43rd Street, Apt. 3F ) | |
| Astoria, New York 11103, ) | |
| ) | |
|     *Plaintiff, on his own behalf* ) | |
|     And similarly-situated others, ) | |
| ) | |
| v. ) | Case No.: 18-51 |
| ) | |
| **APPLE INC.** ) | |
| 1 Infinite Loop ) | |
| Cupertino, CA 95104 ) | |
| ) | |
| **Serve Upon**: ) | |
| **CORPORATION SERVICE COMPANY** ) | |
| ) | |
|     *Defendant.* ) | |
| _____ ) | |

**CLASS ACTION COMPLAINT AND JURY TRIAL DEMAND**

COMES NOW THE PLAINTIFF, on behalf of himself and similarly situated others, sues the Defendant Apple Inc. ("Defendant" or "Apple") and alleges the following:

**NATURE OF THE CASE**

1. Plaintiff Victor Mallh brings this action, *inter alia*, to address misrepresentations and omissions made by Defendant Apple Inc. in connection with its iPhone software updates. The Plaintiff and similarly situated others ("Plaintiffs") bring this matter to address Apple's failure in its duty to warn iPhone SE, iPhone 6, iPhone 6s, iPhone 6s Plus, iPhone 7, and iPhone 7 Plus, (collectively, "older iPhones") users such as the Plaintiffs that certain iOS updates could negatively and significantly impact iPhone performance. Plaintiffs were harmed when the software

on their iPhones was updated to any of the following: iOS 10.2.1[1]; iOS 10.3[2]; iOS 10.3.1[3]; iOS 10.3.2[4]; iOS 10.3.3[5] (collectively, the "iOS 10 Update"); iOS 11.0.1[6]; iOS 11.0.2[7]; iOS 11.0.3[8]; iOS 11.1[9]; iOS 11.1.1[10]; iOS 11.1.2[11]; iOS 11.2[12]; and iOS 11.2.1[13] (collectively, "iOS 11 Update").

2.  Apple falsely represented to consumers such as the Plaintiffs that iOS 10 and iOS 11 Updates would increase iPhone performance.  However, on December 20, 2017, Apple admitted that it intentionally designed iOS 10 and iOS 11 Updates so as to limit iPhone performance in certain circumstances.  These designs resulted in, *inter alia,* slow iPhone performance.  These designs also significantly impaired Plaintiffs' ability to use their iPhones normally, and prompted consumers such as the named Plaintiff to purchase new iPhones.

3.  Apple's misrepresentations and omissions severely harmed owners and/or users of older iPhones.   As a result of installing iOS 10 and iOS 11 Updates, New York consumers such as the Plaintiffs must either continue using iPhones that experience severe lag time, which interferes with ordinary use, purchase a new battery, or purchase a new phone.  Plaintiffs would not have purchased an iPhone if they knew the truth about Apple's iPhone power management system. Plaintiffs

---

[1] Released on January 23, 2017
[2] Released on March 27, 2017
[3] Released on April 3, 2017
[4] Released on May 15, 2017
[5] Released on July 19, 2017
[6] Released on September 26, 2017
[7] Released on October 3, 2017
[8] Released on October 11, 2017
[9] Released on October 31, 2017
[10] Released on November 9, 2017
[11] Released on November 16, 2017
[12] Released on December 2, 2017
[13] Released on December 13, 2017

would not have updated their older iPhones if they knew that their older iPhones would experience a severe slowdown that interferes with ordinary use. Plaintiffs would also not have purchased new phones after installing an iOS update, which slowed the performance of their older iPhones, if they knew they could remedy the problem by purchasing a new battery.

4.    That, at the time of purchase, Apple failed to disclose to New York consumers, including the Plaintiffs, issues related to the iPhone battery degradation, and it failed to make such disclosure at or near the time consumers installed iOS 10 and/or iOS 11 updates. In addition to the aforesaid omissions of fact, Apple also failed to inform New York consumers that it throttles iPhone performance through iOS updates due to battery degradation issues. Apple failed to timely disclose to New York consumers such as Plaintiff that they could avoid having their older iPhones throttled by avoiding an iOS update. Defendant also failed to timely disclose to New York consumers that they could remedy iPhone slowdowns resulting from iOS updates and battery degradation issues by simply purchasing a new battery. Instead of making the disclosures, Apple touted the increased iPhone performance that would result from installing the iOS 10 and/or iOS 11 Updates.

5.    These actions and inactions violate the New York General Business Law §349 and §350, *et seq*., are in direct and material breach of Plaintiffs' contracts with Apple, and such acts constitute gross negligence on the part of the Defendant.

**JURISDICTION AND VENUE**

6.   Subject-matter jurisdiction is proper in the Court, and is founded upon 28 U.S.C.§1332(A)(1).  The Defendant is a corporation, which is domiciled in the State of California.  The representative Plaintiff is a citizen of New York, and all members of the proposed class are citizens of New York.

7.   Venue in this District is proper pursuant to 28 U.S.C. § 1391. The representative Plaintiff resides in this District and thousands if not millions of New York consumers have been injured by Defendant's violations.  A substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this District, and Apple regularly conducts business in this District.

**THE PARTIES**

8.   Plaintiff Victor Mallh is a citizen of the United States and a resident of Queens County, New York.

9.   The named Plaintiff is a victim of Apple's actions as alleged herein, including Defendant's breach of contract and the willful, reckless, and grossly negligent conduct.

10. Defendant Apple Inc. is a publicly traded company incorporated under the laws of the Sate of California, with a principal place of business in that State. Defendant regularly conducts business in New York.

**FACTUAL ALLEGATIONS**

11. Apple is a publicly traded company that designs, manufactures and markets mobile communication and media devices and personal computers, and sells a variety of related software, services, accessories, networking solutions and third-

party digital content and applications. The Company's products and services include, *inter alia,* iPhones and services related to iPhones.

12. The iPhone is Apple's line of smartphones based on its iOS operating system. iOS is Apple's mobile operating system that serves as the foundation for iOS devices.

13. Periodically, Apple releases iOS updates. Consumers have no control over what Apple places into its iOS updates. Apple strongly encourages iPhone users such as the Plaintiffs to install iOS updates. Apple represents that its iOS updates will increase iPhone performance. Apple represented that increased iPhone performance would result from the iOS 10 and iOS 11 Updates. However, Defendant omitted from Plaintiffs the fact that iOS 10 and 11 Updates could negatively affect iPhone performance and functionality.

14. On December 20, 2017, Apple admitted that it intentionally designed iOS 10 and iOS 11 Updates to limit iPhone performance in certain circumstances.

15. Prior to December 20, 2017, Apple omitted from Plaintiffs the fact that it intentionally designed its iOS 10 and 11 Updates to slow down iPhone performance in older iPhones with degraded batteries.

16. Plaintiffs' and other consumers' iPhones experienced significant malfunctions shortly after iOS 10 and/or iOS 11 Updates were installed. These malfunctions include but are not limited to very slow operating speeds, reduced battery life, slow service especially when using applications ("App" or "Apps"), delayed responses to touch interactions, screen freezes and freezing Apps such as text messaging and e-mail, delayed App launches, battery issues such as rapid

decline in battery power and sudden/random iPhone shutdown/restart, glitches, and/or random App shutdowns.

17. By concealing the truth as to why older iPhones performed poorly after the iOS 10 and 11 Updates were installed, Apple led consumers such as the named Plaintiff to believe that they needed to purchase a new iPhone.  Apple could have, and should have, timely informed consumers that a new battery would repair malfunctions related to battery degradation in older iPhones.  However, Apple chose to keep their practice of throttling iPhone performance a secret, which led consumers such as the named Plaintiff to believe that they needed to purchase a new iPhone.

18. Apple claims that its intentional throttling of performance in older iPhones was designed to offset problems related to older batteries and iPhone shutdowns. However, consumers such as the named Plaintiff have experienced battery malfunctions such as reduced battery life, rapid decline in battery power, and sudden/random iPhone shutdown since installing the iOS 10 and/or iOS 11 Updates.

19. Instead of being transparent and truthful with consumers regarding issues related to batteries in iPhones, Apple secretly slowed down the speed of older iPhones with degraded batteries through iOS 10 and 11 Updates.   Apple engaged in deliberate CPU throttling of older iPhones with degraded batteries through iOS 10 and 11 Updates without first informing iPhone users of the risks involved with installing such iOS updates, and without giving iPhone users the option to decide on whether to use the power management techniques/features that Apple implemented through such iOS updates.  Apple could have, and should have, timely

informed Plaintiffs and other consumers about the risks involved with installing iOS 10 and iOS 11 Updates.

20. The Plaintiffs and other consumers cannot and do not control how Apple designs and implements its iOS updates. Consumers are forced to rely on Apple's design choices. Consumers also rely on the information that Apple provides about its iOS updates. Apple controls when and how iOS updates are implemented, and consumers are forced to rely on Apple to protect their iPhones. Upon information and belief, iPhone users cannot revert their iOS software to previous versions of iOS. Defendant fails to warn consumers that an iOS update is irreversible. Therefore, it was and it is incumbent upon Apple not only to implement updates that improve iPhone performance, but also to warn consumers about the risks involved with installing updates. Apple utterly failed to do this with its iOS 10 and 11 Updates

21. Although installing an iOS update is voluntary in theory, consumers eventually are forced to update their iPhone software. This is due in large part to security concerns, but also because the Apps on the iPhones would eventually become outdated and the iPhone user would not be able to update the App and have access to the updated App features until the iPhone was running the updated iOS software.

22. From at least January 23, 2017, Apple has been intentionally limiting older iPhone performance in certain circumstances through its iOS updates. Although numerous remedies for iPhone slowdowns were available and known to Apple at all times, Apple failed to timely inform consumers such as the Plaintiffs of these remedies or to employ other sufficient compensating measures.

23. Apple negligently, recklessly and willfully waited until December 20, 2017, which was after Plaintiffs and other consumers installed iOS 10 and/or iOS 11 Updates to their iPhones, to inform consumers that Apple has been intentionally limiting older iPhone performance in certain circumstances through its iOS updates. Apple caused the Plaintiffs and others harm by failing to timely inform them about these practices. Apple subjected Plaintiffs and other consumers to actual injury, as Plaintiffs were deprived of their opportunity to meaningfully consider and address issues related to iOS 10 and/or iOS 11 Updates and degraded iPhone batteries. Apple also caused consumers, including the Plaintiffs, to suffer severe emotional harm while learning that their iPhones were among those negatively affected by the iOS 10 and 11 Updates. The named Plaintiff suffered severe emotional harm, among other times, when his iPhone failed to function properly during critical moments.

24. Apple could have prevented the confusion it created surrounding the iOS 10 and 11 Updates by revealing the full truth about the iOS updates. By falsely representing that the iOS 10 and 11 Updates would enhance performance of all iPhones and by concealing the fact that Defendant intentionally limited the performance of older iPhones through its iOS 10 and 11 Updates, Apple fraudulently induced consumers such as the Plaintiffs to install iOS 10 and/or 11 Updates. Apple was also not forthcoming about how to fix the problems that consumers experienced after installing the relevant iOS updates, which led consumers such as the named Plaintiff to believe that they needed to purchase a new iPhone. Apple could have and should have provided Plaintiffs and other consumers with this material information, but Apple failed to do so.

25. Plaintiff Victor Mallh purchased an iPhone 6s Plus 64GB on March 30, 2016. Mr. Mallh began having major issues with this iPhone very shortly after the purchase. The problems began immediately after Mr. Mallh installed an iOS 10 update to his iPhone. The problems became worse as Mr. Mallh continued to update his iPhone. Mr. Mallh experienced problems including but not limited to very slow operating speed, reduced battery life, slow service especially when using applications, screen freezes and freezing applications such as text messaging and e-mail, freezing and inability to transmit messages and images, battery malfunctions such as rapid decline in battery power and sudden/random iPhone shutdown/restart, glitches, and random application shutdown. Mr. Mallh spent a significant amount of time speaking with T-Mobile customer service representatives and Apple customer service representatives/tech support in an effort to correct issues with his iPhone, which, unbeknownst to Mr. Mallh, were intentionally caused by Apple. This was tremendously inconvenient, and ultimately the malfunctions with his iPhone 6s Plus were never repaired. Apple advised Mr. Mallh to trade in his iPhone for a refurbished iPhone to correct the problems. Mr. Mallh followed this advice and paid the applicable fees, but the problems mentioned above persisted. These problems significantly interfered with Mr. Mallh's ordinary use of his iPhone, which prompted him to become interested in what he believed was a more advanced iPhone. Mr. Mallh pre-ordered an iPhone X on October 27, 2017. He received his iPhone X on November 8, 2017. Mr. Mallh decided to purchase the iPhone X instead of the iPhone 8 because Apple represented it as the top iPhone model and Mr. Mallh wanted to ensure that his new iPhone would not have the

issues that he dealt with while using the iPhone 6s Plus.  Mr. Mallh was not aware that he could have avoided the issues with his iPhone 6s Plus by declining to install the relevant iOS update.  Mr. Mallh was also unaware that he could have remedied the issues with his iPhone 6s Plus simply by purchasing a new battery.  Apple utterly failed to inform Mr. Mallh of this information. Mr. Mallh would not have spent approximately $1,000.00 to purchase the iPhone X if he had known that he could have repaired the malfunctions associated with his iPhone 6s Plus by purchasing a new battery.  Mr. Mallh would have declined to install the relevant iOS update to his iPhone 6s Plus if he knew the truth about Apple's actions and about the risks of installing the iOS update.  In fact, Mr. Mallh would not have purchased an iPhone at all if he knew the truth about Apple's power management system/techniques/features.  The Plaintiff would not have purchased an iPhone if he knew the truth about Apple's iOS update(s). Additionally, Mr. Mallh experienced issues with his iPhone while in cold weather.  Mr. Mallh would not have purchased an iPhone, or he would not have paid as much for an iPhone, if he knew the truth about iPhone performance in cold temperatures. Apple severely harmed Mr. Mallh by intentionally hiding material information from him.  Mr. Mallh suffered monetary damages as well as severe emotional distress.

26. On December 28th, 2017, Apple announced that it would be reducing the price of an out-of-warranty iPhone battery replacement from $79.00 to $29.00. However, this is unhelpful to consumers such as Mr. Mallh who have already purchased a new iPhone as a result of Apple's misrepresentations and omissions. Equally egregious, Apple continues to charge consumers $29.00 to remedy a

problem that Apple created. Apple intentionally hid material information from consumers such as Plaintiffs, deprived consumers of the ability to make an informed decision about whether they wanted to update their iPhones and use the power management techniques/features that Apple implemented, and is now egregiously charging consumers for a battery replacement. Apple's willful conduct was and continues to be motivated by profit for Apple, and it was not designed to protect consumers.

27. None of the Plaintiffs would have purchased an iPhone had they known that Apple's representations regarding iOS update(s) were false and misleading.

28. None of the Plaintiffs would have purchased an iPhone, or they would not have paid as much money for an iPhone, had they known the truth about Apples operations, including but not limited to throttling iPhone performance.

29. Apple negligently, recklessly, and willfully prevented Mr. Mallh and class members from making informed decisions regarding updating their iPhones, replacing their iPhones, and replacing their iPhone batteries, among other things.

30. This suit is maintainable as a class action. The Plaintiff believes that the class that he proposes to represent is so numerous that joinder of all members is impracticable. The Plaintiff asserts that millions of New York consumers have been, and are being, impacted by the Defendant's actions. There are questions of law and fact common to the class, and the claims of the named Plaintiff are typical of the claims of the class. The Plaintiff will fairly and adequately protect the interests of the class.

31. Pursuant to Federal Rule of Civil Procedure 23, the Plaintiff brings this class action and seeks certification of the claims and certain issues in this action on behalf of a class defined as:

> All New York State residents who currently own, currently use, previously owned, and/or previously used, any of the following: iPhone SE; iPhone 6; iPhone 6s; and iPhone 6s Plus, which received any of the following updates: iOS 10.2.1; iOS 10.3; iOS 10.3.1; iOS 10.3.2; iOS 10.3.3; iOS 11.0.1; iOS 11.0.2; iOS 11.0.3; iOS 11.1; iOS 11.1.1; iOS 11.1.2; iOS 11.2; and iOS 11.2.1. The definition also includes owners and users of iPhones 7 and 7 plus, which received iOS 11.2 and 11.2.1 Updates.

34. Plaintiff reserves his right to amend the class definition if further investigation and discovery indicates that the class definition should be narrowed, expanded, or otherwise modified.

35. Defendant uniformly violated the aforesaid NY GBL Sections as to all members of the class, including any subclass arising out of the reckless and willful failure to inform consumers of material information related to their iPhones, such that the questions of law and fact are common to all members of the class and any subclass.

36. All members of the class and any subclass were and are similarly affected by the violations of the law and the relief sought herein is for the benefit of Plaintiffs and members of the class and any subclass.

**COUNT ONE**
**NYGBL §349 and §350, *ET SEQ.***
**Deceptive Or Misleading Practices**

37. The Plaintiff re-alleges and incorporate by reference the allegations set forth in each preceding paragraph of this Complaint as if fully set forth herein, and further states:

38. For that the Defendant Apple engaged in conduct that was consumer oriented and did so in a manner, which was materially deceptive and misleading to consumers, and this conduct caused Plaintiffs harm.  By way of example, as to the named Plaintiff, the Defendant made representations and omissions regarding its operations that prevented Plaintiff from making an informed decision, fraudulently induced him to install the relevant iOS updates to his iPhone, caused him to lose functionality of his iPhone, and ultimately led him to believe that he needed to purchase an iPhone X, which cost him approximately $1,000.00.

39.   The Defendant materially misled the Plaintiffs in the manner discussed above, including by falsely advertising and falsely representing to Plaintiffs that iOS 10 and iOS 11 Updates would increase their iPhone performance, and by failing to timely and conspicuously disclose information regarding the risks of installing iOS 10 and 11 Updates.   Defendant advertised in a misleading manner, which fraudulently induced the named Plaintiff to install the relevant iOS updates, caused Plaintiff to lose functionality of his iPhone, and ultimately led him to believe that he needed to purchase an iPhone X.

40. As a result of Defendant's representations and omissions, Plaintiff suffered significant losses, including funds expended for a new iPhone, unforeseen fees, and significant time and effort expended.   Additionally, Plaintiff lost the use and functionality of an iPhone and suffered severe emotional distress.

41.  Apple negligently, recklessly and willfully withheld material information regarding the iOS 10 and 11 Updates until December 20, 2017.

## COUNT TWO
## Breach of Contract

42. The Plaintiff re-alleges and incorporates by reference the allegations set forth in each preceding paragraph of this Complaint as if fully set forth herein, and further states:

43. The Defendant, at all the times relevant herein, was under an implied covenant of good faith and fair dealings, and Apple breached this covenant when it acted in bad faith and solely for the purpose of profit disregarding the financial and emotional harm incurred by the Plaintiffs.

44. The Defendant accepted significant funds from Plaintiffs on the promises that it provide functional products and services, and Apple was under contractual obligations to provide the Plaintiffs with material information related to their iPhones and iOS update(s). The Defendant failed in its obligation to provide Plaintiffs with this information.

45. The Defendant failed to deliver on its promise to provide Plaintiffs with the information necessary to keep their iPhones functional for normal use.

46. The Defendant failed to deliver on its promise to provide Plaintiffs with the information necessary to allow Plaintiffs the opportunity to meaningfully consider and address issues related to iOS 10 and/or iOS 11 Updates and degraded iPhone batteries.

47. Defendant breached its agreement with Plaintiff when it failed to provide him with material information, which fraudulently induced Plaintiff to install the relevant iOS updates, caused Plaintiff to lose functionality of his iPhone, and ultimately led him to believe that he needed to purchase an iPhone X.

48. As a result of Defendant's representations and omissions, the Plaintiff and similarly situated others suffered significant losses, including but not limited to funds expended for a new iPhone, unforeseen fees, and significant time and effort expended.   Additionally, Plaintiff lost the use and functionality of an iPhone.

## COUNT THREE
## NEGLIGENCE

49. The Plaintiff re-alleges and incorporates by reference the allegations set forth in each preceding paragraph of this Complaint as if fully set forth herein, and further states:

50. Defendant owed the Plaintiffs duties including but not limited to the following: the duty to timely warn Plaintiffs that Defendant intentionally limited the performance of older iPhones through its iOS 10 and 11 Updates; the duty to disclose to Plaintiffs that Apple intentionally designed its iOS 10 and 11 Updates so as to slow down iPhone performance in older iPhones with degraded batteries; the duty to timely warn Plaintiffs that the relevant iOS updates could negatively and significantly impact iPhone performance; the duty to provide Plaintiffs with the material information necessary to allow Plaintiffs the opportunity to meaningfully consider and address issues related to iOS 10 and/or iOS 11 Updates and degraded iPhone batteries; and the duty to timely inform Plaintiffs of how to repair the malfunctions that Plaintiffs experienced as a result of installing the relevant iOS updates, such as informing Plaintiffs that a new battery would improve the performance of their iPhone.

51. Apple breached its duties to Plaintiffs when it intentionally hid material information from Plaintiffs and failed to timely warn Plaintiffs of Apple's practices

and the risks involved with installing the relevant iOS updates. Apple engaged in deliberate CPU throttling of older iPhones with degraded batteries through iOS 10 and 11 Updates without first informing iPhone users of the risks involved with installing such iOS updates, and without timely providing Plaintiffs with the information necessary to allow Plaintiffs the opportunity to meaningfully consider and address issues related to iOS 10 and/or iOS 11 Updates and degraded iPhone batteries.

52. As a direct and proximate result of Defendant's breach, Plaintiffs suffered harm in an amount to be determined at trial.

## COUNT FOUR
### Gross Negligence

53. The Plaintiff re-alleges and incorporate by reference the allegations set forth in each preceding paragraph of this Complaint as if fully set forth herein, and further states:

54. That Defendant's wanton, willful and reckless disregard for the rights of consumers, its failure to timely provide Plaintiffs with the material information necessary to meaningfully consider and address issues related to iOS 10 and/or iOS 11 Updates and degraded iPhone batteries, and its failure to warn consumers, or take other reasonable protective measures, caused the Plaintiff and similarly situated others significant losses including but not limited to impaired use of older iPhones, money spent on new iPhones, and severe emotional distress.

55. As a result of Defendant's gross negligence and wanton, willful and reckless disregard for the rights of consumers, the Plaintiff and similarly situated

others suffered actual harm in the form of impaired use of older iPhones, money spent on new iPhones, and severe emotional distress.

56. Because Apple's gross negligence was wanton, willful and in reckless disregard for the rights of consumers and their iPhones, punitive damages should also be awarded against Apple in an amount to be awarded at trial.

### **REQUEST FOR RELIEF**

WHEREFORE, your Plaintiff, on behalf of himself and similarly-situated Plaintiffs, respectfully prays that this Honorable Court:

- Order that the Defendant discontinue its violations of New York General Business Law §349, §350, *et. seq.* FORTHWITH;

- Require the Defendant to conspicuously inform consumers before any iOS update that iOS updates may slow down iPhone performance and explain to consumers the reasons why the slow down may occur;

- Require the Defendant to conspicuously inform consumers before any iOS update that a new battery will remedy iPhone slowdown issues related to battery degradation;

- Issue a temporary restraining order barring Apple from charging consumers for new iPhone batteries;

- An order certifying the class of New York consumers as defined hereinabove;

- An order enjoining Apple from engaging in the unlawful violations of the law complained of herein;

- An order requiring Apple to promptly notify consumers of any potential remedy to their iPhone before consumers purchase a new iPhone;

- An award of actual damages suffered by the Plaintiffs;

- Order that Defendant refund Plaintiffs for money spent on new phones that they purchased as a result of Defendant's actions and inactions;

- Order that Defendant pay Plaintiffs for all of their emotional distress;

- An award of punitive damages against Defendant;

- An award of costs and reasonable attorneys fees; and

- Any such other and further relief as to this Court may appear just and proper.

**JURY TRIAL DEMAND**

The Plaintiff respectfully requests a jury trial.

Respectfully Submitted,

THE PLAINTIFFS,

BY:_____/s/_____
Their Counsel
John Hermina, Esq.
HERMINA LAW GROUP
Laurel Lakes Executive Park
8327 Cherry Lane
Laurel, Maryland 20707
law@herminalaw.com
Tel 301-776-2003
Fax 301-490-7913

Gregory Allen, Esq.
Law Office of Gregory Allen
120 W. Wilson Avenue
Glendale, California 91203
greg@gjallenlaw.com
Tel 203-535-4636

Dated: 01/04/17